# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

R. Chester Frost *vs.* Lucy R. Steele.

### April 2, 1891.

**Resulting Trust for Creditors—Evidence.**—A finding that land purchased and conveyed to the wife of an insolvent debtor was paid for by her with her own money, *held* justified by the evidence.

**Same—Burden of Showing Payment of Consideration by Debtor.**— A creditor who would avail himself of the benefit of Gen. St. 1878, c. 43, § 8, (making conveyances to another person, when the consideration is paid for by the debtor, presumptively fraudulent, and resulting in a trust in favor of creditors,) has the burden of showing the fact that the consideration was paid by the debtor.

**Same—Husband and Wife—Payment of Debt Barred by Statute and of Rent.**—A recognition and payment in good faith by an insolvent husband to his wife of an actual indebtedness, with compound interest according to their agreement, as to which a right of recovery would have been barred by the statute of limitations, is not a fraud upon his creditors; nor is an agreement by the husband to pay to the wife rent for premises occupied by them, but purchased with her money, necessarily fraudulent.

**Same—Expenditure on Wife's Land.**—The statute above cited is not applicable to the case of a debtor expending his means in permanent improvements on the land of another, (his wife.) Nor is this a fraud upon creditors if such expenditures are made in good faith, in repayment of an existing indebtedness to the owner of the estate thus improved.

Appeal by plaintiff (a judgment creditor of defendant's husband, to the amount of $1,100) from a judgment of the district court for Hennepin county, where the action was tried by *Hooker*, J.

*Fred. W. Reed,* for appellant.

*Haynes & Chase,* for respondent.

DICKINSON, J.[1] The defendant has been a married woman since 1861. The plaintiff is a judgment creditor of her husband, J. A. Steele, the judgment having been recovered in 1884, for a debt which had existed for more than 15 years prior to that time. In 1887 a lot of land in the city of Minneapolis was purchased and conveyed to the defendant, on which a dwelling-house was subsequently erected, and the place has, since some time after the commencement of this action, been occupied by the defendant and her husband as their homestead. The plaintiff, alleging that the consideration for the purchase of this property was paid by the defendant's husband, and that the conveyance was made to the defendant for the purpose of defrauding the creditors of her husband, invokes the application of Gen. St. 1878, c. 43, § 8, and prosecutes this action to have a trust declared and enforced in his favor, as respects such land, for the purpose of satisfying his judgment. The court found, among other things, that the land in question was bought and paid for by the defendant with her own money; that the money used in the construction of the dwelling-house thereon was in part furnished by the defendant, and in part by her husband, from his earnings in the practice of his profession as a physician; that there was no intent to defraud the creditors of the husband, but that the design and purpose of both was to secure a house and lot as a homestead. In reviewing the finding that the land was paid for by the defendant with her own money, we are led to consider briefly the source from which, according to the evidence, she procured the money. It appears that prior to and after the defendant's marriage, she loaned money to her husband to the amount of over $800. About the year 1874 the defendant's husband purchased for her, in the state of Illinois, where they then lived, a lot of land, and erected a house thereon for a home. The title was taken in the name

[1] Vanderburgh, J., took no part in this case. Mitchell, J., took no part in the decision.

of the defendant, with the view, as the evidence goes to show, of extinguishing, by this means, the debt of the husband to her. Without dwelling upon the particulars of this transaction, which creditors do not appear to have questioned while she held the property, we will only say that we consider that the case justifies the conclusion that this became her property in good faith. The fact that her husband contributed somewhat to the construction of the house (beyond what he was owing to her) by procuring some of his debtors, whose debts were *uncollectible,* to work on the house, is not inconsistent with an honest purpose, nor necessarily prejudicial to the husband's creditors. About nine years prior to the purchase of the property now in question, the home in Illinois was sold for $2,500, that being some $1,100 in excess of what it had cost, and the defendant, with her husband, removed to this state. The money realized from the sale in Illinois she loaned to him, as the testimony goes to show, with the agreement that another home should be purchased for her. He also agreed, according to the evidence, to pay her compound interest for the use of the money, at the rate of 10 per cent. a year. After coming to Minneapolis a house was purchased, with a 10-years lease of the land on which it stood, for the sum of $2,100, which was paid by the defendant's husband from time to time prior to 1884, such payments being intended to be applied on the debt owing to the wife. It appears to have been intended by both parties that the lease should run to the defendant, but it was afterwards discovered that it had been made to run to the husband. The testimony is that the husband agreed to pay his wife as rent for this place, where they lived for some eight years, the sum of $25 a month. This house was subsequently sold, and the defendant received the price. From time to time the defendant's husband made payments to her in money, on account of the debt owing to her, in addition to what he paid for the purchase of the house and lease. The lot in question was purchased in 1887, the price paid therefor being $2,650. We think that the case justified the finding of the court that this purchase price was paid out of the money belonging to the defendant, and acquired by her in the manner above indicated, and that it was not paid by her husband. This being the fact, the statute above cited, making conveyances presump-

tively fraudulent and resulting in a trust in favor of creditors, where the consideration is paid by another than the grantee, would be inapplicable. Before the plaintiff can secure any advantage from that statute it must be shown that the defendant's husband really paid the purchase price. As to this the burden is on the plaintiff, although, if that fact were established, a presumption of fraud would follow, and it would then be incumbent on the defendant to disprove it. This burden of proof being upon the plaintiff, we do not feel that the case would justify us in setting aside the conclusion of the trial court, involved in the findings, to the effect that the money acquired by the defendant from her husband since they came to Minnesota was in reality and in good faith a repayment of an existing indebtedness. That there was a real indebtedness to the extent of the $2,500, with accumulating interest, may well be accepted as the fact. While the evidence may lead to a suspicion that there may have been a dishonest purpose to swell the amount of the indebtedness, yet in view of the relations of the parties, between whom actual *bona fide* business transactions might reasonably be expected to be conducted upon more liberal terms than is usual among strangers, we are not prepared to say that the decision of the trial court was not justified. The recognition of the debt as still subsisting, and making payments on it, after a right of recovery would have been barred by the statute of limitations, is not a fraud as to creditors. Nor would an agreement to pay compound interest involve such fraud. The same may be said as to the agreement by the husband, if made in good faith, to pay to his wife a rental upon her property occupied by the family as a home, although such a transaction may well be viewed with suspicion.

The further question is as to whether a case of fraud as to creditors is shown from the fact that the defendant's husband contributed from his earnings to the construction of the house on this lot, so that to that extent the property should be deemed chargeable in favor of creditors. The burden was upon the plaintiff to show the transaction to be of such a nature that, as to creditors of the husband, it should be deemed fraudulent. As to this matter, the provisions of the statute (Gen. St. 1878, c. 43, §§ 7, 8) are not applicable. By the terms of the statute the resulting trust there contemplated only arises upon

a grant of an estate to one person upon a consideration therefor paid by another. It arises, if at all, at the time of the purchase and conveyance, and the statute does not apply to the case of improvements made by one person on the land of another. *Caswell* v. *Hill,* 47 N. H. 407, 414; 4 Kent, Comm. 305. As to the evidence bearing on this point, as well as on that previously considered, it may be remarked that it is not clear or satisfactory. This may be partly accounted for by the fact that a certain written statement of the account between the defendant and her husband, to which the testimony referred, was not embodied in the case. It is not expressly stated in the findings of the court whether the amount paid by the defendant's husband for the construction of the house was intended to be applied, and was applied, by the parties as a payment on his indebtedness to her. The evidence tends to show that the parties did so apply it, and on this theory as to the fact the more general finding of the court as to the absence of fraud, and the conclusion that the property cannot be subjected to the payment of the husband's debts, should be sustained. The plaintiff is not entitled to a reversal upon other points to which we do not deem it necessary to particularly refer.

Judgment affirmed.